Grover, J.
The verdict directed by the judge and found by the jury was subject to the opinion óf the court at General *556 Term. There was no conflict in the testimony, or any exception taken to any ruling of the judge upon any question.of law during the trial, the only question being as to which party was entitled to judgment upon the undisputed facts of the case. It was entirely correct in such a case for the judge to direct a verdict for the plaintiffs, subject to the opinion of the court, and the exception of the defendants’ counsel to such a disposition was entirely immaterial. It was the duty of the General Term, upon the hearing, to give judgment in favor of the party entitled thereto upon the facts appearing in'the case.
It is obvious that if the court had no jurisdiction, under the act of 1862, to issue the attachment, and to cause the vessel to be seized and detained by virtue thereof, a bond given, pursuant to the act, to procure a release of the vessel from such detention is void. This was so held by this court in Brookman v. Hamill (43 N. Y., 554). That supplies furnished to a vessel engaged in foreign commerce, or repairs made thereon in her home port, is a maritime contract, to enforce which the State courts can exercise such jurisdiction only as is given by the common law, and that the act of 1862, providing for a lien upon such vessel therefor, and for the enforcement of such lien by the courts of the State, is unconstitutional, and therefore void, was held by this court In re the Steamboat Josephine (39 N. Y., 19) and in Brookman v. Hamill (supra). The reasons upon which that conclusion was arrived at will be found in the opinion of Mason, J., in the former, and of Uapallo, J., in the latter, and it is unnecessary again to go over the ground. The cases cited by the appellants’ counsel, decided by the Supreme Court of the United States since the decision of the above cases by this court, do not hold that the contracts in question are not maritime, and, as such, proper subjects of admiralty jurisdiction, enforceable by process in personam. They do not, therefore, in any respect, disturb the reasoning upon which the cases were decided, and will not be further noticed. ■
*557 The judgment of the General Term followed the decisions of this court, and must be affirmed, with costs.
All concur.
Judgment affirmed.